IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| HAZEL KELLOGG and ORIE KELLOGG<br><br>    Plaintiffs,<br><br>    vs.<br><br>HZ SNF, LLC; and SUNBRIDGE JEFF DAVIS HEALTHCARE, LLC<br><br>    Defendants | CIVIL ACTION NO.: 2:17-cv-131 |

## FIRST AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiffs, Hazel Kellogg and Orie Kellogg, for their First Amended Complaint for Damages against Defendants, allege and state as follows:

I.   **PARTIES**

**PLAINTIFF:**

Plaintiffs Hazel Kellogg and Orie Kellogg are husband and wife. Mr. and Mrs. Kellogg are citizens of the State of Georgia.

**DEFENDANTS:**

1. At all times mentioned herein, Defendant HZ SNF, LLC, (hereafter "HZ"), was a foreign limited liability company, organized and existing under the laws of the State of Georgia, as owners and managers of a skilled nursing facility in Hazlehurst, Jeff Davis County, Georgia; which at the time in question was maintained and still maintained a skilled nursing facility known as Hazlehurst Court Care and Rehabilitation Center (hereafter "HCCR"), holding

itself out to the public and members as being capable of accommodating and treating patients requiring intermediate and long-term care, and further holding itself out as being competent, through its agents and employees, to provide care for persons who are ill or are in circumstances requiring care normally provided by a competent skilled nursing facility.

2. Defendant HZ's principal office address is located at 15310 Amberly Drive, Tampa, Florida, 33602. Service may be perfected through its Registered Agent for service, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Cobb County, Marietta, Georgia, 30066.

3. At all times mentioned herein, Defendant Sunbridge Jeff Davis Healthcare, LLC, (hereafter "SJDH"), was a limited liability company, organized and existing under the laws of the State of Georgia, as owners and managers of a skilled nursing facility in Hazlehurst, Jeff Davis County, Georgia; which at the time in question maintained a skilled nursing facility known as Hazlehurst Court Care and Rehabilitation Center (hereafter "HCCR"), holding itself out to the public and members as being capable of accommodating and treating patients requiring intermediate and long-term care, and further holding itself out as being competent, through its agents and employees, to provide care for persons who are ill or are in circumstances requiring care normally provided by a competent skilled nursing facility.

4. Defendant SJDH principal office address is 101 East State Street, Kennett Square, Pennsylvania 19348. Service may be perfected through its registered agent for service at Corporation Service Company, 136 North Fairground Street NE, Cobb County, Marietta, Georgia 30060.

5. As of February 1, 2017, Defendants allegedly enter into as Operations Transfer Agreement, wherein operation of HCCR was transferred from SJDH to HZ.

6. At all times mentioned herein, the events and/ omissions giving rise to this claim Kellogg occurred at Hazlehurst Court Care and Rehabilitation Center, 180 Burkett Ferry Road, Hazlehurst, Jeff Davis County, Georgia.

## II.     JURISDICTION AND VENUE

7. There is complete diversity of citizenship between Defendant HZ SNF, LLC, who is a citizen of Florida; and Defendant SJDH, who is a citizen of Pennsylvania; and Plaintiffs Hazel and Orie Kellogg, who are citizens of the State of Georgia.

8. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

10. There is an actual case or controversy regarding the negligent care rendered to Plaintiff Hazel Kellogg by the employees, agents, and/or servants of Defendant HZ and/or Defendant SJDH.

11. Defendants are subject to the personal jurisdiction of this Court.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2), as the events and/or omissions giving rise to this claim and the injuries at issue arose in this judicial district. Southern District of Georgia Local Rule 2.1(c).

## III.    FACTUAL ALLEGATIONS

13. Plaintiffs originally retained the undersigned counsel in February, 2017.

14. Plaintiffs' attorneys sent a spoliation letter to HCCR via certified mail February 24, 2017 (Exhibit A), and a request for medical records March 1, 2017 (Exhibit B).

15. Despite these requests, as well as multiple communications with the attorney representing HCCR, Christian Lang, the certified medical records that were produce <u>were conspicuously</u>

<u>missing any records from June 3. 2016</u>, the date Hazel Kellogg fell, resulting in the injuries that are the subject of this complaint (Exhibit C)

16. Subsequently, Plaintiffs requested certified records from HCCR pursuant to O.C.G.A. § 9-3-97.1 (Exhibit D), but no additional records were produced.

17. Because of the absence of the relevant records from HCCR for the date of the fall that is the subject of this complaint, Plaintiffs are filling contemporaneously with their Complaint for Damages, a Motion for Spoliation that seeks all available remedies provided by law.

18. Furthermore, because of the non-production of relevant records, some of the factual allegations that follow are based on Plaintiffs' recollection of events that lead to the injuries Hazel Kellogg suffered due to the negligence of employees, agents, and servants of HZ. These recollections are documented in the medical records of treating hospitals and providers of Hazel Kellogg, including Memorial Health University Medical Center, as well as Coffee Regional Medical Center.

19. According to the available records from HCCR, Hazel Kellogg, age 53, was admitted to that facility 1/19/16. Admission diagnoses included: dependence on renal dialysis, polyosteoarthritis, morbid obesity, epilepsy, restless leg syndrome, allergic rhinitis, unspecified kidney failure, single major depressive episode, gout, emphysema, muscle wasting and atrophy, insomnia, orthopnea, GERD, low back pain, type 2 diabetes mellitus, COPD, heart failure, and hypertension.

20. Because of end-stage renal disease, Hazel Kellogg required and received hemodialysis three times a week while a patient at HCCR.

21. According to her "Physical Therapy Recertification/Monthly Summary," dated 4/25/16, Hazel Kellogg required "Contact Guard Assist" (requiring steadying) when ambulating on a

level surface, with the long-term goal of ambulating on level surfaces of 100 feet using a Wheeled Walker with moderate assistance.

22. According to her "Occupational Therapy Recertification/Monthly Summary" for the period 5/19/16-6/17/16, Hazel Kellogg was "[at] risk for falls."

23. According to Plaintiffs, after her return to HCCR from dialysis on June 3, 2016. Hazel Kellogg attempted to ambulate after asking for her walker, but instead was told by employees, agents, and/or servants of HZ to "use the back of a wheelchair for assistance," and as a result sustained a severe fall.

24. According to the medical records from Coffee Regional Medical Center, Hazel Kellogg was admitted there on June 3, 2016 following a fall a Hazlehurst Court Nursing Home which resulted in bilateral distal femur fractures.

25. Hazel Kellogg was transferred from Coffee Regional Medical Center to Memorial Health University Medical Center (hereafter "MH") on June 7, 2016 for definitive surgical treatment of the bilateral fractures. According to their records, "Patient apparently fell. . . trying to get to weigh scale. She states that two nurses were with her and would not help her ambulate. She states that she normally does ok with a walker, but they would not let her use it."

26. According to the records from MH, as a consequence of the fall, Hazel Kellogg sustained a closed left supracondylar distal femur fracture without intra-articular extension, a pathologic fracture of the proximal left tibia, as well as a closed right supracondylar distal femur fracture with intra-articular extension.

27. Those severe injuries required multiple surgical procedures on June 8, 2016, including ORIF of the left femur fracture, ORIF of the right femur fracture, as well as open treatment of the left proximal tibia fracture with excisional bone biopsy.

28. Hazel Kellogg was discharged on June 15, 2016 to Waycross Health and Rehabilitation in Waycross, Georgia, and remains there to this date.

29. Hazel Kellogg has been permanently bed-ridden since her fall on June 3, 2016.

### III.     CAUSATION AND NEGLIGENCE ALLEGATIONS

27. Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

28. As a result of the Defendants' individual and collective negligence, Hazel Kellogg experienced severe mental and physical pain and suffering, and incurred significant medical expenses and other economic damages, to be itemized later.

29. The acts and omissions of the employees, agents and/or servants of Defendants HZ and/SJDH, in their care and treatment of Hazel Kellogg, caused and contributed to bilateral femoral fractures and left tibial fracture that she suffered, requiring additional surgical procedures.

30. The severe injuries that Hazel Kellogg sustained due to the collective negligence of the employees, agents, and/or servants of Defendants HZ and/or SJDH are so serious that she likely will never walk again.

### IV.     DAMAGES

31. Plaintiffs incorporate herein, each of the preceding paragraphs of this Complaint as if fully set forth herein.

32. As a result of the negligence of Defendant HZ and/or SJDH, and their agents, servants, and employees, Hazel Kellogg suffered severe and painful injuries, including physical and mental pain and suffering. These injuries caused and continue to cause Plaintiffs additional medical expenses, and other economic and non-economic damages, to be itemized later.

33. As a result of Defendants' negligence, Orie Kellogg suffered loss of consortium.

34. The negligent, grossly negligent, and substandard conduct of each of the employees, agents, and/or servants of Defendant HZ and/or SJDH were a concurrent, direct and proximate cause of the injuries and damages of Hazel Kellogg and Orie Kellogg.

**WHEREFORE,** Plaintiffs respectfully demand:

A. That summons be issued requiring Defendants to be served as provided by law and requiring the Defendants to answer this Complaint;

B. That Plaintiff Hazel Kellogg have a judgment against, and recover from Defendants damages sufficient to compensate her for the mental and physical pain she has experienced and continues to experience;

C. That Plaintiffs recover damages sufficient to compensate them for past and future medical expenses and other economic damages;

D. That Plaintiff Orie Kellogg have judgment against, and recover from Defendants for his loss of consortium;

E. That Plaintiffs have a trial by a fair and impartial jury of twelve (12) members;

F. That Plaintiffs have judgment against, and recover from, Defendants a sum in excess of $10,000.00;

G. That the costs of this action be recovered by Plaintiffs; and

H. That Plaintiffs receive such other and further relief as this Court shall deem just and equitable.

Respectfully submitted this 20th day of December, 2017.

/s/ George L. Phillips, Jr.
George L. Phillips, Jr.
Georgia Bar No.: 230301

7

/s/ Michael Hill
Michael Hill
Georgia Bar No: 768274

Dozier Law Finn, LLC
327 Third Street
Macon, GA 31202-0013
(478) 742-8441

**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

    **1. Defendant HZ SNF LLC,** by serving its registered agent, to wit:

Corporate Creations Network
2985 Gordy Parkway, 1st Floor
Marietta, Georgia 30066

       OR

Wherever they may be found

    **2. Defendant Sunbridge Jeff Davis Healthcare, LLC,** by serving its registered agent, to wit:

Corporation Service Company
136 N. Fairground St., NE
Marietta, Georgia 30060